IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-01141-MSK-NYW

TATONKA CAPITAL CORPORATION

    Plaintiff

,

v.

MICHAEL CONNELLY, DAWN EIDELMAN and GENE EIDELMAN

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

July 5, 2016

Denis H. Mark, Esq.
5105 DTC Parkway, Suite 450
Greenwood Village, CO  80111
303-741-4741
dmark@hamiltonfaatz.com
Attorney for Plaintiff Tatonka Capital Corporation

Michael Connelly, *pro se*
175 Riverside Drive, Apartment 3F
New York, NY  10024
917-804-6304
michaeljconnellynyc@gmail.com
Defendant Connelly participated by phone

Reed F. Morris, Esq.

3200 Cherry Creek Drive South
Denver, CO 80209
303-777-1411
rmorris@mlmw-law.com
Attorney for Defendants Dawn Eidelman and Gene Eidelman

## 2. STATEMENT OF JURISDICTION

Diversity per 28 USC § 1332(a)(1).  Plaintiff is a Colorado corporation with its principal place of business in Colorado.  Defendant Connelly is a citizen and resident of New York.  Defendants Dawn Eidelman and Gene Eidelman are citizens and residents of Georgia.  The amount in controversy exceeds $75,000.

Defendants' counterclaims in this case against Plaintiff share the above stated statement of jurisdiction in addition to F.R.C.P. 13(a) (compulsory counterclaims).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

Plaintiff's sole claim is to collect on a series of Guaranty Agreements executed by the Defendants who were the principals of Mosaica Education, Inc. ("Mosaica"). Plaintiff ("Tatonka") loaned substantial amounts to Mosaica and, in 2014, Tatonka filed a civil case against Mosaica in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:14-cv-03017-TCB ("the Receivership Action"). After the Court in the Receivership Action appointed a Receiver for Mosaica, and after collection of various amounts from Mosaica and after liquidation of other collateral, on December 11, 2015, the Court in the Receivership Action entered its Final Judgment in favor of Plaintiff, Tatonka Capital Corporation, and against Mosaica, in the amount of $5,068,480.22 plus interest at the rate of 18% per annum after December 11, 2015.

Defendant Connelly's counterclaims are barred for several reasons, including collateral estoppel (as a result of determinations by the Courts in the Receivership Action and in related litigation in Ohio) and the Colorado Credit Agreement Statute of Frauds, C.R.S. § 38-10-124.  In addition, Defendant Connelly's counterclaim based on the "participation agreement" fails because that agreement expressly subordinates Defendant Connelly's right to payment until after Plaintiff has been paid in full which has not occurred.

~~On July 18, 2016 (yesterday) at 9PM, the Eidelmans amended their answer and, for the first time, filed counterclaims based on allegations of fraud in the inducement and breach of the covenant of good faith and fair dealing.  Plaintiff's counsel has not yet had adequate time to review these new counterclaims in order to formulate Plaintiff's response.~~

      b. Defendants:

To the extent any Guaranty Agreements were entered into, Defendants assert that they entered into only limited guaranty agreements for specific "over-advances" as short-term loans by Tatonka to Mosaica (the "borrower").  The over-advances were generally designed to cover Mosaica's working capital shortfalls for a few days pending the receipt of specific government payments. In each case, the over-advance was repaid as planned and any of Defendants' obligations under the guaranty agreement(s) were satisfied.  Defendants' claim based on totaling up all of the lower dollar figure Guaranty Agreements to total the $5M they now claim is guaranteed is without merit.

The guarantees were requested by Tatonka to insure that upon receipt of the government funding, the defendants, in their capacity as officers of the Company, would ensure that the proceeds would be used to repay the over-advance, which they did.  Tatonka requested each sequential guaranty agreement because each and every prior guaranty agreement had been or would be discharged. Because the defendants met their obligations as officers of the company, and as alleged guarantors, there is no remaining personal liability of the Defendants under the guarantees.

Defendants further assert that Tatonka admitted, in writing, that the intent of the guaranty agreements were as stated above—to only guaranty short-term (lower dollar) over-advances which were repaid, that any obligations guaranteed by defendants were satisfied in full and that defendants had no liability thereunder.  As a result, Tatonka is estopped from asserting the claims it has made in this case.

The Eidelman Defendants also claim that the intent of the guaranty agreements was as set forth above.  To the extent the agreement is somehow found otherwise, Eidelman Defendants claim their entering into such agreements was fraudulently induced.  The Eidelman Defendants also claim that they are entitled to damages or, in the alternative, set off based on Tatonka's handling of Mosaica's property and disposition of collateral.  Tataonka's position that any of the Eidelman Defendants affirmative defenses our counterclaims are barred by collateral estoppel must itself be estopped as the existence of any personal liability of Defendants was not at issue in the Receivership Action, the parties intent being that there were no personal guarantees, and it is now believe based on Tatonka's liquidation of Mosaica that Mosaica is insolvent, Tatonka may in fact have received a windfall or excess amounts

10

of fair value or actual value that would also bar Tatonka's claim here on its disposition of Mosaica's property. The Eidelman Defendants also claim that Tatonka should be estopped from its claim based on the equitable doctrines of promissory estoppel, equitable estoppel and laches.

Defendant Connelly also claims that at Tatonka's insistence and in lieu of defendants' guarantees, he invested $500,000 in Mosaica, $250,000 paid to Tatonka for deposit to the benefit of Mosaica in exchange for promissory notes issued by Mosaica, and $250,000 in the form of a participation agreement with Tatonka. He alleges that those investments and Tatonka's actions in approving them without at any time disputing defendants' belief that their guarantees had been revoked and terminated reflected Tatonka's lack of reliance on the revoked guarantees. He further claims that he is entitled to damages from Tatonka in respect of the loan participation.

Defendants further claim that Tatonka's claims are barred by the doctrine of laches and that its failure ever to assert defendants' liability under the guaranty agreements refutes its alleged belief that they remained in force. Moreover, they allege that the amounts claimed to be owed to Tatonka by Mosaica grossly overstates the amount, if any, that is actually due. Tatonka overbilled Mosaica; eliminated most, if not all, of the amounts owed by its "credit bid" for Mosaica's assets; failed to mitigate its damages; and failed to act in commercially reasonable terms consistent with its fiduciary obligations.

Defendants assert that this action and its allegations of multi-million dollar liability for personal guarantees of corporate debt are frivolous and known to Tatonka and its officers and attorneys to be frivolous. Because the lawsuit is groundless and

11

designed to harass and intimidate defendants and to damage their reputation, credit and employment opportunities, defendants claim that Tatonka is liable for damages.

Finally, defendant Connelly alleges a course of conduct in violation of Tatonka's fiduciary and other obligations (Complaint Paragraphs 30-39) to Mosaica and defendants, causing damages, resulting in the equitable subordination of Tatonka's security interests in Mosaica assets and requiring the disgorgement of funds and other assets received or seized by Tatonka.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff, Tatonka Capital Corporation, is a Colorado corporation with its principal place of business in Colorado.

2. Defendant MICHAEL CONNELLY is an individual who is a citizen of the State of New York.

3. Defendants DAWN EIDELMAN and GENE EIDELMAN are individuals who are citizens of the State of Georgia.

4. In 2014, TATONKA filed a civil action against Mosaica Education, Inc. and certain of its subsidiaries in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:14-cv-03017-TCB (hereinafter referred to as "the Receivership Action"). On or about October 20, 2014, the Court in the Receivership Action appointed a Receiver.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims damages in the amount of $5,068,480.22 plus interest at the rate

of 18% per annum after December 11, 2015, based on the Final Judgment entered on December 11, 2015, in the Receivership Action.

Defendant Connelly claims damages of $375,000 under the terms of his loan participation agreement with Tatonka and $500,000 for Tatonka's misrepresentations and breach of fiduciary obligations in connection with the loans Mr. Connelly made to Mosaica in reliance on Tatonka's representations. In addition, defendants claim damages under Rule 11 and common law for their costs in defending this action and for damages to their reputations, opportunity costs and mental anguish in an amount to be proved at trial. Finally, defendants demand that Tatonka account for and disgorge the funds and other assets received or seized from Mosaica in violation of its fiduciary duties and in excess of its proportionate share of Mosaica's assets as an unsecured creditor and to pay over to the Internal Revenue Service and other taxing authorities the amounts owed for payroll and withholding taxes.

The Eidelman Defendants are unable to presently compute there damages but anticipate being able to do so after early discovery regarding the disposition of Mosaica's property and its value which may amount to a complete set off or excess amounts owing. The Eidelman Defendants also seek their costs and attorney fees in defending Plaintiff's action pursuant to C.R.S. §13-17-101 *et seq.* and 28 U.S.C. §1927 as Plaintiff's claims are groundless, frivolous, and interposed for the purposes of harassment.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

July 5, 2016

b. Names of each participant and party he/she represented.

Denis H. Mark, Esq.
Attorney for Plaintiff Tatonka Capital Corporation

Michael Connelly, *pro se*

Reed F. Morris, Esq.
Attorney for Defendants Dawn Eidelman and Gene Eidelman

  c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Initial Rule 26(a)(1) disclosures are to be made on or before July 19, 2016. <u>Defendant Connelly will serve his Initial Disclosures no later than August 2, 2016.</u>

~~[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]~~

  d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

The parties are continuing to discuss the protocols for the production of electronically stored information and the keywords to be used by the parties in searching for electronically stored information which will be produced after review for privilege. <u>The Parties will submit a proposed ESI Protocol and/or a Joint Status Report regarding any outstanding ESI issues no later than August 16, 2016.</u>

  e. Statement concerning any agreements to conduct informal discovery:

Plaintiff has informally produced copies of some documents relevant to the Guaranty Agreements to Defendants.

  f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties will number their disclosures sequentially and identify the producing party by bate-stamp. The Parties will use a unified exhibit numbering system for depositions

and for trial.

  g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have discussed the preservation of electronically stored information which is expected to consist primarily of email communications related to the Guaranty Agreements and financial records of amounts owed by Mosaica to Tatonka. The parties are continuing to discuss the protocols for the production of electronically stored information and the keywords to be used by the parties in searching for electronically stored information which will be produced after review for privilege. The parties note a potential challenge is that the location of some of the documents relevant to this case may be in the hand of a third party, Mosaica, which terminated Defendants after Tatonka successfully obtained the appointment of the Receiver and which may have also disposed of transferred certain records to other third parties.

  h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have discussed the possibility of promptly settling the case but no agreements have been reached at this point.

# 7.
# CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

# 8. DISCOVERY LIMITATIONS

  a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal

15

Rules.

~~None~~. Each party group may take up to seven (7) deponents, excluding experts, and serve up to twenty-five (25) interrogatories, including discrete subparts. The Parties are ordered to coordinate discovery to the extent practicable to avoid duplication of any discovery requests or depositions.

b.      Limitations which any party proposes on the length of depositions.

One 7 hour (transcript time) day per deposition

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party group may serve up to 20 requests for production and 20 requests for admission per party with no limit on the number of requests for admission as to the authenticity of documents

d.      Other Planning or Discovery Orders

~~None at this time~~. An ESI Protocol will be submitted for the court's consideration no later than August 16, 2016.

## 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

September 9, 2016 [45 days after the Scheduling Conference]

b.      Discovery Cut-off:

March 31, 2017

c.      Dispositive Motion Deadline:

April 30, 2017

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff may endorse an expert in regard to the calculation of

damages.

Defendants may retain experts in regard to: commercial lending and asset disposal; equitable subordination; and the meaning of some of the language in the Guaranty Agreements

2. Limitations which the parties propose on the use or number of expert witnesses.

~~None at this time, parties reserving all Rule 702 challenges~~. <u>Each party group may designate up to three experts.</u>

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>January 20, 2017</u>. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>February 24, 2017</u>. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]

  e. Identification of Persons to Be Deposed:

The parties' preliminary identification of witnesses to be deposed is as follows:

Carol Hansen: 7 hours

Eric Gorka:  7 hours

Jake Bauers:  7 hours

Bob Bauers:  7 hours

Michael Connelly:  7 hours

Dawn Eidelman:  7 hours

Gene Eidelman:  7 hours

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut- off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

  f. Deadline for Interrogatories:

Serve by 45 days prior to the discovery deadline. February 28, 2017

*[The parties are expected to serve interrogatories on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

  g. Deadline for Requests for Production of Documents and/or Admissions

Serve by 45 days prior to the discovery deadline. February 28, 2017

*[The parties are expected to serve requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

  a. Status conferences will be held in this case at the following dates and times:

  _____.

  b. A final pretrial conference will be held in this case pursuant to the Civil Practice Standards of the Honorable Marcia S. Krieger. on

18

~~_____at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.~~

## 11. OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.


b.      Anticipated length of trial and whether trial is to the court or jury.

Trial, if to the Court, is expected to last 4-5 days.  A jury trial is expected to last 8 court days.  Mr. Connelly and the Eidelmans have requested a jury but Plaintiff intends to file a motion to strike the jury demand because the right to a jury trial was expressly waived in each of the Guaranty Agreements.


c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 26th day of July, 2016.

BY THE COURT:

s/ Nina Y. Wang
_____
United States Magistrate Judge

APPROVED:

s/ Denis H. Mark
Denis H. Mark, Esq.
5105 DTC Parkway, Suite 450
Greenwood Village, CO  80111
Phone: 303-741-4741
Attorney for Plaintiff

s/ Reed F. Morris
Reed F. Morris, Esq.
3200 Cherry Creek drive south
Denver, CO  80209
Phone: 303-927-0011
Attorney for Defendants (Eidelman)

_____
Michael J. Connelly, *pro se*
175 Riverside Drive, Apartment 3F
New York, NY  10024
Phone: 917-804-6304