# EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TATONKA CAPITAL CORPORATION, a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOSAICA EDUCATION, INC., MICHIGAN EDUCATIONAL FACILITIES, LLC, ASI TEXAS, LLC, EFA COMPANY, LLC, LORAIN-LEAVITT PROPERTIES, LLC, WARREN-ELM FACILITIES, LLC, and COLUMBUS-MORSE PROPERTIES, LLC,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:14-cv-3017-TCB |

# O R D E R

Presently before the Court is the receiver's motion to approve sale of property in Columbus, Ohio [81].

Defendant Mosaica Education, Inc. is a Delaware corporation that operates charter schools in multiple states, including Georgia. In September 2014, Plaintiff Tatonka Capital Corporation filed this lawsuit against Mosaica and six of its subsidiaries (collectively, the

TCC-000533

"Companies") alleging that Defendants were in default on matured indebtedness of approximately $20 million and seeking the appointment of a receiver for Mosaica. On October 21, 2014, the Court entered an Order [28] appointing GGG Partners, LLC, by and through its managing partner, Katie S. Goodman, receiver of Defendants' assets and operations.

In February 2015, the receiver filed a motion [81] seeking Court approval of the sale of certain real property located at 1333 Morse Road in Columbus, Ohio for a gross price of approximately $6.5 million. The property at issue is owned by Defendant Columbus-Morse Properties, LLC ("CMP"), a wholly owned Mosaica subsidiary. In April 2011, CMP and Mosaica mortgaged the property to Tatonka. The mortgage defines the "indebtedness" to include payments under the promissory note and "*any other* amounts, payments, or premiums payable by the Mortgagor to the Mortgagee." [4-25], pp.5-6 (emphasis added). CMP has also executed various guaranty agreements guaranteeing payment and performance of Mosaica's obligations to Tatonka, including a guaranty that were executed in October 2007 [4-48 & 4-49]. Pursuant to the 2007 guaranty, CMP assumed Mosaica's $10 million indebtedness to Tatonka

under a certain promissory note [4-18] and gave Tatonka a first-priority, perfected security interest in all of CMP's assets and accounts.

Tatonka consented to the receiver's proposed sale on the condition that it receive 100% of the sales proceeds net of selling expenses, property taxes, and similar obligations necessary to close the sale. Intervenor-Plaintiff CXA Corporation challenged Tatonka's entitlement to all the sales proceeds [109], arguing that Tatonka had shown that it had a secured lien on only a portion of the sales proceeds. Specifically, CXA argued that the proposed sales price exceeded Tatonka's lien by approximately $2.7 million and that Tatonka had not shown its entitlement to those excess sales proceeds. It further contended that because Mosaica was not a record owner of the property at issue, it could not legally be a "mortgagor" of that property.

The Court eventually granted the motion to approve the sale [116] but reserved ruling on the distribution of the excess sale proceeds. At a hearing on May 5, the Court heard from the parties on that issue and invited the submission of post-hearing briefs addressing the question of who is entitled to the excess sale proceeds. Tatonka, CXA, and Mosaica's shareholders and former officers and directors filed post-

hearing briefs. After reviewing the parties' submissions and the documentary evidence, the Court finds that Tatonka is entitled to the full proceeds from the sale of the Columbus, Ohio property.

To the extent CXA challenges Mosaica's status as a "mortgagor" of the property owned by CMP, that challenge is misplaced. Tatonka's interest in the sales proceeds derives not from Mosaica's status as a purported mortgagor under the mortgage, but from CMP's status as mortgagor, which is unchallenged. CMP's 2007 guaranty in favor of Tatonka gave Tatonka a perfected first-priority security interest in all of CMP's assets, including the property that the receiver now wishes to sell. Furthermore, because the amounts owed by CMP under the guaranty were "amounts . . . paybable by [CMP as] Mortgagor to [Tatonka as] Mortgagee," and because those amounts exceed the proposed sales price of $6.5 million, Tatonka is entitled to the full sales proceeds under the plain language of the mortgage on the Columbus, Ohio property and without regard to Mosaica's status as mortgagor on that mortgage.

Moreover, the record reflects that Tatonka is entitled to the excess sales proceeds for the additional reason that it has provided new

consideration to CMP in order to close the sale of the Columbus property. The would-be purchaser has conditioned its purchase of the property on the current tenant ("CHATA") agreeing to extend its long-term lease of the premises. CHATA, in turn, has demanded certain conditions be met before it will extend its lease. Among those conditions, CHATA requires that its indebtedness to Mosaica be reduced by approximately $4.8 million. Mosaica had previously assigned that indebtedness to Tatonka prior to the receivership. In order to facilitate the sale of the Columbus property, Tatonka has agreed to reassign that $4.8 million CHATA indebtedness to the receiver, who intends to forgive that indebtedness. Thus, Tatonka's new consideration to CMP to close the sale further entitles it to the excess sales proceeds at issue.

Finally, Mosaica's shareholders, who have asserted counterclaims against Tatonka, have requested that no sales proceeds should be paid to Tatonka at the closing of the sale. Instead, they ask that the proceeds be held in escrow until such time as the Court resolves the shareholders' counterclaims, fearing that Tatonka will be insolvent or otherwise unable to satisfy any judgment entered in favor of the

shareholders on their counterclaims. But while the evidence in this case does support Tatonka's entitlement to the proceeds from the sale of the Columbus property, it does not support the shareholders' contention that Tatonka will be unable to satisfy any judgment against it. Tatonka's agreement to pay some or all of the proceeds to its own lenders is not tantamount to an admission of insolvency. Accordingly, the Court will not order the receiver to hold the sales proceeds in escrow and will permit Tatonka to be paid the money to which it is entitled at the closing of the sale.

In conclusion, as a result of Tatonka's perfected security interest in the Columbus property and in all the assets and accounts of CMP, and further because Tatonka provided new consideration to CMP, the Court holds that Tatonka is entitled to 100% of the proceeds from the sale of the Columbus, Ohio property.

IT IS SO ORDERED this 14th day of May, 2015.

Timothy C. Batten, Sr.
United States District Judge

TCC-000538