## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  16-CV-01141-MSK-NYW

TATONKA CAPITAL CORPORATION, a Colorado corporation,

      Plaintiff,

v.

MICHAEL CONNELLY,

      Defendant.

---

## PLAINTIFF'S TRIAL BRIEF

---

Plaintiff, TATONKA CAPITAL CORPORATION ("Tatonka"), hereby submits its Trial Brief in regard to two legal issues that Plaintiff expects will arise at trial of this case. Those issues are: (1) whether the related doctrines of claim preclusion (res judicata) and/or issue preclusion (collateral estoppel) apply to the determination that, as of December 11, 2015, Mosaica Education Services, Inc. ("Mosaica") owed to Plaintiff $5,068,480.22, which was made by the United States District Court for the Northern District of Georgia in Civil Action No. 1:14-CV-03017-TCB, titled *Tatonka Capital Corporation v. Mosaica Education, Inc., et al.*, ("the Receivership Case")[1]; and (2) whether

---

[1] The issues of claim preclusion and issue preclusion were fully briefed by the parties previously as part of Plaintiff's Motion for Summary Judgment.  Doc. 83 at Pages 10-15; Doc. 92 at Pages 9-16; Doc. 95 at Pages 9-14.  As a result, this issue comes as no surprise to Defendant Connelly.

Defendant Connelly's claimed defense of "Knowledge of Other Party's Mistaken Belief" (Doc. 119 at Page 3, ¶3) states a legal defense and creates an issue for trial.

## CLAIM PRECLUSION AND ISSUE PRECLUSION

Based on discussions regarding possible stipulations of facts prior to trial, Defendant Connelly will dispute the amount owed by Mosaica to Tatonka, which is subject to Defendant Connelly's Guaranty Agreements.  However, as a result of claim preclusion (res judicata) and/or issue preclusion (collateral estoppel), Defendant Connelly cannot contest the amount determined by the Court in the Receivership Case to be owing by Mosaica to Tatonka.

In diversity cases, federal common law governs the claim-preclusive effect of a judgment and the federal common law rule in such a case is to apply the law that would be applied by state courts in the State in which the federal diversity court sits.  *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001).  Because subject matter jurisdiction of the Federal Court in Georgia in the Receivership Case was based on diversity[2], the claim-preclusive effect of the Judgment of the Court in the Receivership Case is to be determined by Georgia state law.   *Accord*, *CSX Transportation, Inc. v. General Mills, Inc*, 846 F.3d 1333, 1340 (11th Cir. 2017) ("federal common law borrows

---

[2] Doc. 83, Undisputed Fact 9 (Page 6), citing Doc. 83-2 and Doc. 83-19.  This Court may take judicial notice of the Court file in the Receivership Case. *Horton v. Davis*, Civil Action No. 13-cv-01089-REB-NYW, 2015 WL 7294815 (D.Colo. Nov. 19, 2015), citing *Hansen v. Harper Excavating, Inc.,* 641 F.3d 1216, 1219 n.2 (10th Cir. 2011), and *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).  *Accord*, *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979).

the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction").

Pursuant to Georgia state law, res judicata provides that the judgment of a court competent to render it is conclusive as to the same parties and their privies and in regard to all matters actually put in issue or which might have been lawfully put in issue in the action in which the judgment was rendered. *Bostick v. CMM Properties, Inc.*, 772 S.E.2d 671, 673 (Ga. 2015). There are three requirements which must be satisfied in order for res judicata to apply: there must be identity of the cause of action, identity of the parties or their privies, and previous adjudication on the merits by a court of competent jurisdiction. *Id.* Finally, the party against whom the doctrine of res judicata is raised as a bar to the subsequent suit must have had a full and fair opportunity to litigate the issues in the first action. *Id.*

1.     As to the first element, identity of the cause of action, Georgia state law provides that "[a] cause of action has been deemed to be 'the entire set of facts which give rise to an enforceable claim.'" *Lilly v. Heard*, 761 S.E.2d 46, 50 (Ga. 2014).[3] Tatonka's breach of contract claim in the Receivership Case was to determine the amount owed by Mosaica to Tatonka, and was based on the same facts as Tatonka's claim in this case to enforce Defendant Connelly's personal guarantees of that same amount.[4]

---

[3] In *Hernandez v. Asset Acceptance, LLC*, 970 F.Supp.2d 1194, 1197-98 (D. Colo. 2013) (Krieger, C.J.), this Court similarly held that "identity of the cause of action" for purposes of claim preclusion means "the claims arise out of the same transaction, or series of connected transactions."

[4] Doc. 83, Undisputed Facts 9 (Page 6), 10 (Page 6) and 16 (Pages 8-10).

Collateral estoppel also prevents Defendant Connelly from contesting the amount determined by the Court in the Receivership Case to be owed by Mosaica to Tatonka. Pursuant to Georgia state law, the primary difference from res judicata is that collateral estoppel does not require identity of the claim, so long as the issue was determined in the previous action. *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 696 S.E.2d 667, 669 (Ga. 2010).[5] It is undisputed that the Court in the Receivership Case determined the amount owed by Mosaica to Tatonka which is the same issue to be determined in this case, the purpose of which is to enforce the personal guarantees of that same amount.[6]

2.    The second element of both res judicata and collateral estoppel requires identical parties or their privies. This element is met because, although Defendant Connelly was not a named party in the Receivership Case, he was Mosaica's privy and he was expressly allowed by the Court in the Receivership Case to participate directly in that litigation for himself and similarly situated shareholders, which he did.

Pursuant to Georgia law, "[a] privy is generally defined as 'one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right.'" *Lilly*

---

[5] Collateral estoppel pursuant to Colorado law has, in effect, the same elements: the issue precluded was actually litigated and necessarily determined in the prior proceeding; the party against whom estoppel is sought was a party or in privity with a party to the prior proceeding; there was a final judgment on the merits; and the party against whom estoppel is sought had a full and fair opportunity to litigate the issues. *Nichols v. Bd. of County Com'rs of County of La Plata, Colorado*, 506 F.3d 962, 967 (10th Cir. 2007), quoting *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 84-85 (Colo. 1999).

[6] Doc. 83, Undisputed Facts 2-7 (Pages 2-4) and 9-16 (Pages 6-10).

*v. Heard*, 761 S.E.2d at 50.   The Georgia Supreme Court has recognized that a corporation and its directors are privies.   *Body of Christ Overcoming Church of God, Inc. v. Brinson*, 696 S.E.2d at 669, citing *QOS Networks, Ltd. v. Warburg, Pincus & Co.*, 669 S.E.2d 536, 540 (Ga. App. 2008) ("Management Shareholders" are privies with corporation).   The Georgia Court of Appeals has applied the same reasoning to <u>guarantors</u>, shareholders and officers.   *Coffee Iron Works v. QORE, Inc.*, 744 S.E.2d 114, 118-19 (Ga. App. 2013); *Donalson v. Coca-Cola Co.*, 298 S.E.2d 25, 28 (Ga. App. 1982).[7]

At all material times, Defendant Connelly was the Chief Executive Officer and a Director of Mosaica.[8]   In addition, the Court in the Receivership Case expressly granted

---

[7] Many courts in other jurisdictions have also held that corporations and their officers, directors and <u>guarantors</u> are privies. *E.g.*, *Virnich v. Vorwald*, 664 F.3d 206, 216 (7th Cir. 2012) (shareholder who participated in receivership case was in privity with corporation); *Fox v. Maulding*, 112 F.3d 453, 459-60 (10th Cir. 1997), quoting *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1277 (10th Cir. 1989) ("[a] director's close relationship with the corporation will generally establish privity"); *Belmont Realty Corp. v. Bogosian*, 11 F.3d 1092, 1097 (1st Cir. 1993) (corporate officer who participated in corporation obtaining underlying loan and who guaranteed the loan was corporation's privy); *Southmark Properties v. Charles House Corp.*, 742 F.2d 862, 870 (5th Cir. 1984) (guarantor who was president and stockholder was corporation's privy); *Continental Illinois Nat'l Bk. & T. Co. of Chicago v. Windham*, 668 F.Supp. 578, 583 (E.D. Tex. 1987) (guarantor who was president, director and shareholder is in privity with corporate principal for purposes of res judicata); *Walter E. Heller & Co., Inc. v. Cox*, 343 F.Supp. 519, 524-25 (S.D.N.Y. 1972), *aff'd* 486 F.2d 1398 (2d Cir.), *cert. denied*, 414 U.S. 827 (1973) ("a guarantor is bound by a prior adjudication involving the principal debtor if the guarantor had notice of and an opportunity to participate in the prior proceeding."); *Bunnett v. Smallwood*, 768 P.2d 736, 740 (Colo. App. 1988), *rev'd on other grounds* 793 P.2d 157 (Colo. 1990) (guarantor who was corporate president, director and stockholder was privy); *Bartle v. Health Quest Realty VII*, 768 N.E.2d 912, 920-21 (Ind. App. 2002) (guarantor was privy of limited partnership which he controlled); *Specialty Restaurants Corp. v. Barry*, 653 N.Y.S.2d 972 (App. Div. 1997) (guarantor who was also president, director and shareholder of corporation was privy).

[8] Doc. 83, Undisputed Fact 1 (Page 2).

standing to Defendant Connelly, as a shareholder of Mosaica, for himself and similarly situated shareholders, to assert and prosecute "defenses and claims against Tatonka" on behalf of Mosaica in the Receivership Case.[9]  Defendant Connelly fully exercised the right granted to him by the Receivership Court and the Court in the Receivership Case fully addressed <u>all</u> of the issues raised by Defendant Connelly.[10]  Under these circumstances, the requirement that Defendant Connelly be a privy of Mosaica is met.

3.      The third element is that there must have been a final adjudication on the merits.  It cannot be disputed that the Court in the Receivership Case finally determined the amount owed by Mosaica to Tatonka on the merits.[11]

4.      Finally, as explained above and as shown by their filings in the Receivership Case, Defendant Connelly had a full and fair opportunity in the Receivership Case to litigate the amount owed by Mosaica to Tatonka.[12]

The determination of the amount owed by Mosaica to Tatonka by the Court in the Receivership Case is binding on Defendant Connelly in this case.

### "KNOWLEDGE OF OTHER PARTY'S MISTAKEN BELIEF"

In this Court's Order on the parties' summary judgment motions (Doc. 112), the Court rejected Defendant Connelly's defenses with the sole exception of his defense of

_____

[9] Doc. 83, Undisputed Fact 11 (Pages 6-7).

[10] Doc. 83, Undisputed Facts 12 and 13 (Pages 7-8).

[11] Doc. 83, Undisputed Facts 9-16 (Pages 6-10).

[12] Doc. 83, Undisputed Facts 9-16 (Pages 6-10).

mutual mistake.   Doc. 112 at Pages 5-9.   *Accord*, Doc. 122 at Page 5 (the fact that Defendant Connelly's defense of mutual mistake is equitable creates an independent basis for striking his jury demand).

Notwithstanding the foregoing, in the Revised Final Pretrial Order, Defendant Connelly listed as a defense, in addition to mutual mistake, "Knowledge of Other Party's Mistaken Belief" which he asserts is a defense "[e]ven if Defendant is unable to sustain its [*sic*] burden of proof that Tatonka shared the belief that the guaranties [*sic*] reflected the meeting of the minds as stated above, ….."  Doc. 119 at Page 3, ¶3.  Defendant Connelly has cited no authority in support of this purported defense which is a defense of <u>unilateral</u> rather than <u>mutual</u> mistake.   However, as this Court previously recognized in this case, Defendant Connelly's <u>unilateral</u> mistake is <u>not</u> a defense.  Doc. 112 at Page 6. Under these circumstances, the Court should rule that this purported defense is not an issue to be determined at trial.

Dated this 29th day of November, 2018.

/s/ Denis H. Mark_____
Denis H. Mark
**DENIS H. MARK, P.C.**
5105 DTC Parkway, Suite 450
Greenwood Village, CO  80111
Telephone: (303) 741-4741
Facsimile: (303) 220-8150
Email: dmark@dhmpc.com

/s/ John Henry Schlie_____
John Henry Schlie
**JOHN HENRY SCHLIE, P.C.**
5105 DTC Parkway, Suite 450
Greenwood Village, CO  80111
Telephone: (303) 830-1616
Facsimile: (303) 220-8150
Email: johnhenry@schlielawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of November, 2018, I electronically filed the foregoing **PLAINTIFF'S TRIAL BRIEF** with the Clerk of Court using the CM/ECF system.

I also served copies by electronic mail on Defendant Connelly (michaeljconnellynyc@gmail.com), Defendant Dawn Eidelman (ddeidelman@gmail.com) and Defendant Gene Eidelman (gene.eidelman@gmail.com) all of whom have consented to service via electronic means.

/s/ Denis H. Mark_____